UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ELIZABETH BURROWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:16-cv-299 |
| | ) |
| NEWPORT CHEMICAL DEPOT | ) |
| REUSE AUTHORITY. | ) |
| | ) |
| Defendant. | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. Nature of the Case

1.      Plaintiff, Elizabeth Burrows ("Burrows"), by counsel, brings this

Complaint and Demand for Jury Trial against Newport Chemical Depot Reuse Authority

("Defendant") for violations under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et*

*seq.* ("Section 504").

II.  Parties

2.      Burrows, at all times relevant to this action, has resided and/or worked

within the geographical boundaries of the Southern District of Indiana, Terre Haute

Division.

3.      Defendant is a federally funded public agency / political subdivision that

maintains offices and conducts business in Vermillion County, Indiana, which is within

the Southern District of Indiana, Terre Haute Division.

4.      Defendant is a political subdivision that may be sued under Indiana Code

36-7-30-9(a)(9).

1

### III. Jurisdiction.

5.      Federal question subject matter jurisdiction is conferred on this Court by

28 U.S.C. § 1331 and 29 U.S.C. § 794(a).

6.      Defendant is an employer within the meaning of Section 504 of the

Rehabilitation Act.  Defendant received federal funding for a variety of positions and

programs, including Burrows' position.  Burrows was an employee under a "program or

activity" under 29 U.S.C. § 794(b)(1).

7.      At all relevant times to this action, Defendant received federal funding as

a whole.

8.      Burrows is an individual with a disability as that term is defined by 29

U.S.C. § 705(9).

9.      Defendant is an "employer" as that term is defined by 42 U.S.C. §

12111(5).

10.      Venue is proper in this Court.

### IV.  Factual Allegations

11.      Burrows commenced her employment with Defendant in or around

September 1, 2014.  Burrows' last position of employment with Defendant was that of

Director.

12.      Throughout her employment, Burrows met and/or exceeded the legitimate

performance expectations of Defendant.

13.      Burrows has a physical impairment which substantially limits one or more

of her major life activities and/or major bodily functions.

14.     Specifically, Burrows has been diagnosed with Crohn's Disease, fibromyalgia, anxiety, ankle impairment, and other physical and mental ailments which directly impact, among other things, her immune system, musculoskeletal system, digestive system, walking, sleeping, eating, and ability to concentrate.

15.     During the majority of the month of February of 2016 Burrows took an approved medical leave from Defendant.

16.     Thereafter, at various times within the workplace, Burrows was forced to use a wheelchair, scooter, and/or walker and at times worked under a modified work schedule.

17.     At all times relevant, Defendant was well aware of Burrows' disability and numerous health conditions, and the reasonable accommodations used by Burrows.

18.     In May of 2016, Burrows was subjected to discriminatory comments regarding her disability by her direct supervisor, William Laubernds.

19.     On May 19, 2016, Burrows missed her first Board meeting with Defendant as a result of an out of town medical appointment at the Mayo Clinic in Minnesota.

20.     On May 25, 2016, Laubernds informed Burrows that she was to be terminated.

21.     Laubernds informed Burrows she was to be terminated based on her health and constitution.

22.     On May 26, 2016, Burrows was informed that she did not have the same energy as someone 100% healthy.  Burrows was also informed that Defendant's Board had real strong concerns because of her health.

23.     On June 2, 2016, Laubernds informed Burrows in writing that she was terminated effective May 25, 2016.

24.     Burrows was terminated due to her disability and/or record of disability and/or in retaliation for her request/use of reasonable accommodations.

25.     Alternatively, Defendant unlawfully regarded Burrows as disabled. Specifically, Defendant unlawfully regarded and/or perceived Burrows as an individual who was disabled despite knowing that she could (and was) performing the essential functions of her position.

26.     Similarly situated employees who are not disabled, do not have a record of disability, and/or who are not regarded as disabled have been treated more favorably by Defendant with regard to the terms and conditions of employment.  Indeed, such individuals' performance has been worse than that of Burrows yet such individuals have not been terminated.

27.     Prior to May of 2016 Burrows had not been subjected to any discipline by Defendant.

28.     Defendant's actions were willful, intentional, and done with reckless disregard for Burrows' federally protected rights.

### V.  Legal Allegation

### Count I.  Section 504 – Discrimination – Rehabilitation Act

29.     Burrows hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

30.     Defendant terminated Burrows because of her disability.

31.     Alternatively, Defendant terminated Burrows because it unlawfully regarded and/or perceived Burrows as disabled.

32.     Defendant's actions were intentional, willful, and in reckless disregard of Burrows' rights as protected by Section 504.

### Count II – Retaliation – Rehabilitation Act

33.     Burrows hereby incorporates paragraphs one (1) thirty-two (32) of her Complaint as if the same were set forth at length herein.

34.     Burrows request for an accommodation with regard to medial leave and a modified work schedule constitutes a reasonable accommodation under the Rehabilitation Act.  Burrows' request for, and use of, reasonable accommodations, constitutes protected activity under the Rehabilitation Act.

35.     Defendant retaliated against Burrows and terminated her employment because of her protected activity.

36.     Defendant's actions were intentional, willful, and in reckless disregard of Burrows' rights as protected by Section 504.

### VI.  Requested Relief

WHEREFORE, Plaintiff, Elizabeth Burrows, by counsel, requests that this Court find for her and order that Defendant:

1.      Reinstate Burrows to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment action(s), or award her front pay and benefits in lieu of reinstatement.

2.      Pay to Burrows all of her lost wages and benefits;

3.      Pay to Burrows compensatory damages for emotional pain and

suffering;

4.      Pay to Plaintiff pre- and post- judgment interest;

5.      Provide injunctive relief to bar Defendant from further acts in violation

of federal law;

6.      Pay Plaintiff's costs and attorney fees incurred in litigating this; and,

7.      Pay to Plaintiff any and all other damages and/or relief deemed

appropriate and just by this Court.


Respectfully submitted,


 s/ *Ryan P. Sink*
Ryan P. Sink

FOX WILLIAMS & SINK, LLC
8465 Keystone Crossing
Suite 250
Indianapolis, Indiana 46240

Phone: 317-254-8500
Fax: 844-273-6464

Attorney for Plaintiff


**DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, respectfully requests a jury trial as to all issues

deemed so triable.

 s/ *Ryan P. Sink*
Ryan P. Sink